UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2010 DEC 10 AM 10:33
US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

GILBERTO SOTO,

Plaintiff,

vs.                                  Case No.: 6:10-cv-1848-28 KRS

MONARCH RECOVERY
MANAGEMENT, INC.,

Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq. ("FCCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA"), and pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq.

3. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasion of Plaintiff's personal and financial privacy by this Defendant and its agent in its illegal effort to collect a consumer debt from Plaintiff.

1

4. Venue is proper in this District because the act and transaction occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff, Gilberto Soto, is a natural person who resides in the City of Orlando, County of Orange, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Monarch Recovery Management, Inc., (hereinafter "Defendant Monarch Recovery") is a collection agency operating from an address of 10965 Decatur Rd., Philadelphia, PA 19154, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Monarch Recovery regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant Monarch Recovery regularly collects or attempts to collect debts for other parties.

9. Defendant Monarch Recovery was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

12. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

13. The following third-party heard the message while at or visiting Plaintiff's residence on one or more occasions: Plaintiff's daughter, Carmen Gonzalez.

14. Plaintiff did not authorize Defendant to communicate with the third parties.

15. No court authorized Defendant to communicate with the third parties.

16. The third parties had no legitimate business need for the information communicated in the telephone messages.

17. Defendant knew or had reason to know that the third parties had no legitimate business need for the information communicated in the telephone messages.

18. The messages communicate information affecting Plaintiff's reputation.

19. Defendant knew or had reason to know that persons other than Plaintiff may hear its telephone messages left at Plaintiff's residence.

## COLLECTION CALLS

13. In or about November, 2010, Defendant Monarch Recovery's collector attempted more than once to contact Plaintiff by telephone in an effort to collect this debt, these attempts were "communications" in to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. During at least one of Defendant's attempts to collect a debt from Plaintiff, Defendant left a voice mail message on Plaintiff's answering machine identifying himself as a debt collector.

15. Defendant repeatedly attempted to collect this debt with intent to harass Plaintiff.

## SUMMARY

15. The above-described collection communications made to Plaintiff by Defendant Monarch Recovery, and a collection employee employed by Defendant Monarch Recovery, were

3

made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c, as well as the FCCPA § 559.72(5).

17. The above-detailed conduct by this Defendant of harassing Plaintiff in its effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as invasions of Plaintiff's privacy by intrusions upon seclusion and by revelation of private financial facts and resulted in actual damages to this Plaintiff.

18. Defendant's disclosure of Plaintiff's indebtedness to a third party was an invasion of his privacy and his right to financial privacy.

## TRIAL BY JURY

19. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT 1

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The foregoing act and omission of the Defendant and its agent constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

4

22. As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

23. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

24. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. § 1692(a) (emphasis added).

25. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801(a) (emphasis added).

5

26. Defendant and/or its agent intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded the Plaintiff's privacy.

27. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by unlawfully disclosing information about this debt to Carmen Gonzalez, and thereby invaded Plaintiff's right to financial privacy.

28. Defendant disclosed Plaintiff's alleged indebtedness to Carmen Gonzalez. Defendant knew or had reason to know that the third party did not have a legitimate need for the information.

29. The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

30. The conduct of this Defendant and its agent, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in an intrusion and invasion of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

## COUNT 3

### VIOLATION OF 559.72(5) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

31. Defendant disclosed Plaintiff's alleged indebtedness to a third-party, Carmen Gonzalez. Defendant knew or had reason to know that third-party Carmen Gonzalez did not have a legitimate need for the information.

32. As a result of the improper disclosure to a third party, Plaintiff's reputation has been affected.

## COUNT 4

## VIOLATION OF 559.72(7) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

31.     Defendant repeatedly attempted to collect a debt from Plaintiff with intent to annoy or harass Plaintiff.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)     Damages and

B)     Attorneys' fees and costs

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated:  December 2, 2010

Respectfully submitted,

Andrew I. Glenn
E-mail:  AGlenn@cardandglenn.com
Florida Bar No.:  577261
J. Dennis Card, Jr.
E-mail:DCard@cardandglenn.com
Florida Bar No.  0487473
Card & Glenn, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone:  (954) 921-9994
Facsimile:   (954) 921-9553
Attorneys for Plaintiff

7